IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALBERTO RIVERA | § | |
| v. | § | CIVIL ACTION NO. 6:09cv376 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Alberto Rivera, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rivera was convicted of the disciplinary offense of possession of a weapon, for which he received reduction in classification status, 45 days of cell and commissary restrictions, and the loss of 100 days of good time credits. He argued that he was actually innocent of the offense because although the weapon was found in his bunk, he had no idea that it was there, that there was no "affirmative link" connecting him to the weapon because the cubicle had not been searched or cleaned prior to his moving in five months earlier, there was no evidence that the weapon belonged to him, and no evidence was introduced at the hearing to show that a weapon even existed.

The Respondent was ordered to answer and did so, saying that Rivera's claims were procedurally defaulted and lacked merit. Rivera filed a response to the answer. After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied. Rivera has filed objections to the Report.

In his objections, Rivera first complains that the Magistrate Judge stated that the state records contained a photograph of the weapon. Rivera says that this is the first that he heard about a photograph, because there was no photograph offered at the hearing. He says that "the State acted in bad faith by suppressing this evidence."

In his Step One grievance, Rivera concedes that when he was taken to the sergeant's office, "she took it [the weapon] out of an envelope and showed it to me." In addition, neither his Step One nor his Step Two grievance complains that no photographs of the weapon were offered into evidence at the hearing. The hearing record shows that the charging officer testified at the hearing that she found the weapon in Rivera's bunk. To the extent that Rivera contends that no photograph of the weapon was offered at the hearing, this claim is procedurally defaulted; to the extent that he claims that the evidence was insufficient to support a finding of guilt, his claim lacks merit because the record contains some evidence to support the verdict, which is all that is constitutionally required. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). Rivera's first objection is without merit.

In his second objection, Rivera complains that the Magistrate Judge used standards applicable to Section 1983 lawsuits to determine his case, which is a habeas corpus application. He cites Stewart v. Thigpen, 730 F.2d 1002, 1005 (5th Cir. 1984), in which the Fifth Circuit stated that in reviewing prison administrative actions in Section 1983 actions, the court must uphold the administrative decision unless it was arbitrary and capricious.

While Stewart may have been a Section 1983 case, however, the standards cited by the Magistrate Judge are applicable in habeas corpus action. In Hudson v. Johnson, a habeas case, the Fifth Circuit said that federal courts do not assess the weight of the evidence in reviewing prison disciplinary hearings, but only examines whether the guilty finding has the support of "some facts," or "any evidence at all." Hudson, 242 F.3d at 537. This was the standard which the Magistrate Judge properly applied. Rivera's second objection is without merit.

Third, Rivera complains that the Magistrate Judge erred in assigning more credibility to the charging officer than to him without holding an evidentiary hearing. He quotes the Magistrate Judge

as stating that the officer's testimony satisfied the "some evidence" standard and that the Court could not conduct a *de novo* factual review and assign more credibility to Rivera's testimony; however, Rivera says, this is precisely what the Court should do. He argues that because no evidentiary hearing was held, it was impossible for the Magistrate Judge to determine what Rivera's credibility level was, or the credibility of the charging officer.

As the Magistrate Judge said, the Court *cannot* conduct a *de novo* factual review. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981). The federal court has no occasion to assess the credibility of Rivera or the charging officer; on the contrary, the court's review is limited to determining whether "some evidence" exists to support the finding of guilt. Because that standard was met in this case, Rivera's third objection is without merit.

Together with his objections, Rivera filed a motion for a certificate of appealability. He presents the questions of whether the Magistrate Judge failed to determine the "authenticity of reliability" of the evidence in failing to hold an evidentiary hearing, whether the prison acted in an arbitrary and capricious way by failing to disclose the photograph, and whether the Magistrate Judge violated Rivera's constitutional rights by assigning more credibility to the prison officials without holding a hearing. None of these contentions show that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further, and so Rivera is not entitled to a certificate of appealability. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Alberto Rivera is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of September, 2010.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**